**FILED**

DAVID CREWS, CLERK
BY _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**EVERARDO GARFIAS**                                                     **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.** 3:13-CV-136-MPM-SAA

**HUSQVARNA PROFESSIONAL**                           **DEFENDANTS**
**PRODUCTS, INC. and**
**KAWASAKI MOTORS CORP., U.S.A.**

### NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, the Separate Defendant in the above-captioned matter, Kawasaki Motors Corp., U.S.A. ("KMC"), hereby removes this case from the Circuit Court of Tate County, Mississippi, in which it is now pending, to the United States District Court for the Northern District of Mississippi, Oxford Division. This Court has jurisdiction over this matter based on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, and there is complete diversity of citizenship between Plaintiff and Defendants, KMC and Husqvarna Professional Products, Inc. ("Husqvarna"). KMC avers the following in support thereof:

### BACKGROUND

      1.      Plaintiff, Everardo Garfias ("Plaintiff"), commenced this action on April 8, 2013, by filing a Complaint in the Circuit Court of Tate County, Mississippi, assigned Cause No. CV2013-82-JMT, and styled "*Everardo Garfias v. Husqvarna Professional Products, Inc. and Kawasaki Motors Corp., U.S.A.*"

      2.      In the Complaint, Plaintiff alleges that while operating his 2011 Husqvarna commercial zero turn lawn mower on July 26, 2012, he was attacked by a swarm of yellow jackets, which prompted him to jump from the mower. Compl. ¶ 6. Plaintiff avers that the mower's cut-off switch malfunctioned and failed to cut power to the mower, causing the mower

to run over the Plaintiff, resulting in severe and permanent injuries. Compl. ¶ 8-9. Plaintiff alleges products liability claims based on defective manufacture, failure to warn, defective design and breach of express warranties. Compl. ¶¶ 12-16. Plaintiff also alleges negligence and gross negligence claims. Compl. ¶¶ 17-20.

3.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served upon KMC and Husqvarna in this action is included in the attached composite Exhibit "A," consisting of a certified copy of all pleadings filed in this case.

### AMOUNT IN CONTROVERSY

4.     It is apparent on the face of the Complaint that Plaintiff asserts claims which, if proven, would exceed $75,000, exclusive of interest and costs. *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (affirming denial of remand where it was "facially apparent that damages sought by the plaintiffs … exceed[ed] [the statutory amount in controversy minimum ($50,000 in 1993)]"). If it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum, then no strict proof on the part of the defendant is required. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In conducting this analysis, the District Court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

5.     Plaintiff asserts claims for negligence, gross negligence, strict products liability, failure to warn, and breach of express warranty and alleges, *inter alia*, that the conduct of Defendants was the proximate cause of his injuries and damages. Compl. ¶ 21. It is not uncommon for Mississippi juries to return verdicts in excess of $75,000 under Mississippi products liability law. *See, e.g., Sherwin-Williams v. Gaines ex rel. Pollard*, 75 So. 3d 41, 42 (Miss. 2011) (jury awarded $7 million in compensatory damages for plaintiff's brain injury

allegedly caused by exposure to lead-based paint); *Watts v. Radiator Specialty Co.*, 990 So. 2d 143, 145 (Miss. 2008) (jury returned verdict for $2 million in case alleging harmful exposure to benzene in cleaning product); *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31, 35-36 (Miss. 2004) (jury awarded compensatory damages of $10 million per plaintiff, or $100 million total, which was reduced by trial court to $48 million total in products liability case involving the drug Propulsid).

6.      Plaintiff also alleges that Defendants acted with gross negligence and seeks an award of punitive damages. Compl. ¶¶ 22-23. Mississippi law authorizes punitive damages where the claimant proves that the defendant acted with "actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a) (2012). Plaintiff alleges that the Defendants' conduct constituted "willful, malicious, intentional and/or gross negligence in the design, manufacturing, marketing, testing and distribution of a product that was unreasonably dangerous and defective and not fit for the use to which it was marketed." Compl. ¶ 22. Where a complaint, as here, seeks an unspecified amount in damages, the claims for punitive damages are included in calculating the amount in controversy for purposes of determining if the jurisdictional amount is satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Thomas v. NBC Universal, Inc.*, 694 F. Supp. 564, 567 (S.D. Miss. 2010). The Fifth Circuit and the Federal District Courts of Mississippi have recognized that punitive damages awards in Mississippi routinely exceed the jurisdictional threshold. *See Arnold v. State Farm Fire & Cas., Co.*, 277 F.3d 772, 775 n.3 (5th Cir. 2001); *Conner v. First Family Fin. Servs., Inc.*, No. 4:01-cv-242, 2002 WL 31056778, at *8 (N.D. Miss., Aug. 28, 2002); *Henley v. Pioneer Credit Co.*, No. 1:01-cv-349, 2002 WL 1013110 (N.D. Miss., April 10, 2002); *see also Montgomery v. First*

*Family Fin. Serv., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002). Accordingly, "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Henley*, 2002 WL 1013110 at *1, *4 (opinion denying multi-plaintiffs' motion to remand based on allegations of complaint alleging, among other things, counts of misrepresentation and negligence against defendant and unspecified claims for punitive damages) (citing *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1255; *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

7.      Based on the nature of the alleged injury, the alleged claims, and the alleged entitlement to recover compensatory and punitive damages for alleged economic and non-economic losses and attorneys' fees, it is facially evident from the allegations of the Complaint that Plaintiff seeks recovery in excess of $75,000.00, exclusive of interest and costs, and that the amount in controversy under 28 U.S.C. § 1332 is therefore satisfied.

## DIVERSITY OF CITIZENSHIP

### Complete Diversity

8.      This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441(b) and 1446.

9.      Plaintiff alleges that he is an adult resident citizen of Tate County, Mississippi. Compl. ¶ 1.

10.      For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). KMC is a Delaware corporation with its principal place of business in

Irvine, California. Thus, pursuant to 28 U.S.C. § 1332(c)(1), KMC is, and was at the time this action commenced, a citizen of the States of Delaware and California.

11.     Husqvarna is a company organized and existing under the laws of Delaware and has its principal place of business in Charlotte, North Carolina. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Husqvarna is, and was at the time this action was commenced, a citizen of the States of Delaware and North Carolina.

12.     Because Plaintiff is a citizen of Mississippi, and Defendants are not, complete diversity of citizenship between Plaintiff and Defendants exists, satisfying the requirements of 28 U.S.C. § 1332.

**PROPRIETY OF REMOVAL**

13.     This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(b).

14.     This Notice is timely in accordance with 28 U.S.C § 1446(b), as it was filed within one year of the filing of the Complaint. The removal is within the thirty (30) day period for removal of 28 U.S.C. § 1446(b) as KMC was served with process on April 30, 2013. Husqvarna was served with process on May 1, 2013. This Notice is being filed within thirty (30) days of the date of the first served defendant, April 30, 2013. Defendant, Husqvarna, has joined in the removal and its Joinder is attached hereto as Exhibit "B".

15.     The United States District Court for the Northern District of Mississippi, Oxford Division, is the federal judicial district and division encompassing the Circuit Court of Tate County, Mississippi, where this suit was originally filed. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 104(b)(4) and 1441(a).

16.     Written notice of the filing of this Notice of Removal is being given to the Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Tate County, Mississippi, as provided by 28 U.S.C. § 1446(d).

**WHEREFORE**, notice is hereby given that this action is removed from the Circuit Court of Tate County, Mississippi, to the United States District Court for the Northern District of Mississippi, Oxford Division.

THIS the 21st day of May, 2013.

Respectfully submitted,

KAWASAKI MOTORS CORP., U.S.A.

By Its Attorneys
JONES WALKER LLP

By: _____
        STEPHANIE C. EDGAR

J. Leray McNamara, MSB #2784
Stephanie C. Edgar MSB No. 101581
JONES WALKER LLP
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS  39205-0427
Telephone:     (601) 949-4900
Facsimile:     (601) 949-4804
rmcnamara@joneswalker.com
sedgar@joneswalker.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served by United States mail, postage paid, a true

and correct copy of the foregoing document to each of the following:

Jason L. Nabors, Esq.
SMITH, PHILLIPS, MITCHELL, SCOTT & NOWAK, LLP
P.O. Drawer 1586
Batesville, MS 38606
     *Counsel for Plaintiff*

Fred E. (Trey) Bourn, III, Esq.
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
P.O. Box 6010
Ridgeland, MS 39158-6010
     *Counsel for Husqvarna Professional Products, Inc.*

Edward L. Hadskey, Clerk
Circuit Clerk of Tate County
201 Ward Street
Senatobia, MS 38868

THIS, the 21st day of May, 2013.

STEPHANIE C. EDGAR