FILED

IN THE CIRCUIT COURT OF TATE COUNTY, MISSISSIPPI

EVERARDO GARFIAS                                             PLAINTIFF

VS.                                                     CAUSE NO. CV2013-82-JMT

                                                       MSN: 3:13-CV-136MPMSAP

HUSQVARNA PROFESSIONAL
PRODUCTS, INC, and
KAWASAKI MOTORS CORP. U.S.A.                         DEFENDANTS

**COMPLAINT**
JURY TRIAL DEMANDED

Comes now the Plaintiff, Everardo Garfias, through counsel, and hereby files this Complaint against the Defendants, Husqvarna Professional Products, Inc., and Kawasaki Motors Corp. U.S.A., and the Plaintiff states as follows:

**PARTIES**

1.

The Plaintiff, Everardo Garfias, is an adult resident of Tate County, Mississippi.

2.

Defendant Husqvarna Professional Products, Inc. ("Husqvarna"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 9335 Harris Corners Parkway, Suite 500, Charlotte, North Carolina 28269. Husqvarna Professional Products, Inc., is a wholly-owned subsidiary of Husqvarna AB, which is a Swedish corporation. Husqvarna may be served with process through service upon its registerd agent, CT Corporation System, 150 Fayetteville Street, Raleigh, North Carolina 27601.



I, EDWARD L. (EDDIE) HADGKEY, HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY OF THE ORIGINAL THEREOF NOW IN MY OFFICE

CIRCUIT CLERK TATE COUNTY, MISS.

DATE May 13, 2013

-1-

3.

Defendant Kawasaki Motors Corp. U.S.A. ("Kawasaki"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 9950 Jeronimo Road, Irvine, California 92618. Kawasaki may be served with process through service upon its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION & VENUE

4.

Jurisdiction and venue are proper in this Court because the tort occurred in Tate County, Mississippi. All injuries and damages alleged herein occurred in Tate County, Mississippi. Each claim stated herein includes a tort that was committed and/or a contract that was entered into in whole or in part in the State of Mississippi. Therefore, pursuant to the Mississippi Constitution, Miss. Code Ann. § 9-7-81, Miss. Code Ann. § 11-11-3, and Rule 82 of the Mississippi Rules of Civil Procedure, jurisdiction and venue are proper in the Circuit Court of Tate County.

## FACTS

5.

On or about July 26, 2012, the Plaintiff, Everardo Garfias, was operating his 2011 Husqvarna commercial zero turn lawn mower, model number ZT5224 ("Mower"), in Tate County, Mississippi. The Plaintiff was operating the Mower in conjunction with his lawn mowing business.

6.

While operating the mower in a reasonable and expected manner, on or about July 26, 2012, the Plaintiff was attacked by a swarm of yellow jackets. He jumped off the mower in an attempt to escape the violent swarm and the many stings he sustained.

7.

The Mower, like all similar mowers, is equipped with a cut-off switch that disengages the Mower's engine anytime the operator gets off the Mower.

8.

When the Plaintiff jumped off the Mower, the cut-off switch malfunctioned and failed to shut off the Mower.

9.

The Mower ran over the Plaintiff, causing severe and permanent injuries. The large, commercial blade sliced the Plaintiff's legs and knees. One knee cap was completely severed. Serious leg injuries resulted from the malfunction. The Plaintiff was air-lifted to the Med in Memphis, Tennessee, for life-saving medical treatment. The Plaintiff has undergone numerous procedures and treatments. His medical treatment continues to this day.

10.

The Plaintiff purchased the Mower on June 2, 2012, from Graham Equipment in Senatobia, Mississippi. No alterations, changes, modifications or repairs had been completed from the time of purchase to the time of the injuries. The mower was not in use for a full two (2) months when the injuries occurred. The Mower was in new, factory condition on July 26, 2012.

11.

As a result of the injuries, the Plaintiff has been unable to work. He has difficulty walking and doing even the most remedial tasks. His legs will never be the same. The Plaintiff lives with pain as part of his every day, and his mobility is seriously limited. The Plaintiff hereby seeks relief for all damages sustained as a result of the injuries alleged herein.

## CAUSES OF ACTION

## COUNT I:

## PRODUCT LIABILITY

12.

The Plaintiff incorporates, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

13.

The Plaintiff hereby asserts product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE. ANN. § 11-1-63, and other applicable Mississippi law.

14.

At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing lawn mowers and lawn mower engines. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants. Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective

beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

15.

Plaintiff is entitled to recover under the Mississippi Products Liability Act, Mississippi Code Annotated Section 11-1-63, because:

- A. The Mower contained a manufacturing defect that resulted in the malfunction of the cut-off switch;

- B. The Mower was designed defectively;

- C. The Mower did not contain adequate warnings and instructions; and

- D. The Mower breached express warranties.

16.

The Mower did not function as marketed and warranted, as the cut-off switch failed to engage when the Plaintiff jumped off the Mower. As a direct and proximate result, the Plaintiff suffered injuries and damages.

## COUNT II:

## NEGLIGENCE

17.

The Plaintiff incorporates, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

18.

At all times relevant in the Complaint, each of the Defendants owed the Plaintiff a duty of

reasonable care.

19.

The Defendants, and each of them individually, were negligent in the following respects:

A. Negligently designing the Mower;

B. Negligently marketing the Mower;

C. Negligently testing the Mower;

D. Negligently failing to provide reasonable and adequate warnings;

E. Negligently endangering the Plaintiff;

F. Negligently failing to recall in a timely and proper fashion;

G. Negligently inflicting emotional distress; and

H Other acts of negligence that will be proven at trial.

20.

The negligence of the Defendants combined to proximately cause the injuries at issue herein. Such negligence was so egregious, and in such disregard for the safety of the Plaintiff and others, it constitutes gross negligence, entitling the Plaintiff to an award of punitive damages.

**DAMAGES**

21.

As a direct and proximate result of the conduct and breaches of the Defendants, as aforesaid, the Plaintiff suffered serious and permanent injuries and damages, for which compensation is required. The Plaintiff seeks monetary damages from the Defendants to compensate the Plaintiff for the following elements of damage, among others:

    A.     Past and future medical expense;

    B.     Conscious pain and suffering;

    C.     Permanent injuries and disability;

    D.     Disfigurement;

    E.     Mental anguish;

    F.     Emotional distress;

    G.     Lost wages and income;

    H.     Loss of wage earning capacity; and

    I.     Loss of enjoyment of life.

The Plaintiff reserves the right to prove the amount of damages at trial. The amount of compensatory damages will be in an amount to be determined by the jury.

22.

In addition to compensatory damages, the Plaintiff seeks punitive damages against the Defendants based on willful, malicious, intentional and/or gross negligence. The conduct justifying an award of punitive damages includes, but is not limited to, the Defendants' willful, malicious, intentional and/or gross negligence in the design, manufacturing, marketing, testing and distribution of a product that was unreasonably dangerous and defective and not fit for the use to which it was marketed. The amount of punitive damages to be awarded is an amount to be determined by the jury.

23.

Plaintiff prays that punitive or exemplary damages be assessed against the Defendants in an amount sufficient to punish the Defendants for their wrongful conduct and to deter like

conduct in the future, and to serve as an example and a warning to others, so as to deter others from engaging in a similar course of conduct and to encourage other mower manufacturers to have due and proper regard for the rights of their customers, and to protect the general public from future wrongdoing. Plaintiff prays that punitive damages be awarded in the appropriate amount to accomplish these purposes, taking into consideration the appropriate factors as set forth by Section 11-1-65 of the Mississippi Code Annotated, including the degree of reprehensibility of the Defendants' conduct, harm likely to result from the Defendants' conduct, the duration of that conduct, the Defendants' awareness of the wrongfulness of such actions, and the Defendants' financial condition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, EVERARDO GARFIAS, respectfully requests an order from this Court awarding damages and compensation of and from the Defendants, HUSQVARNA PROFESSIONAL PRODUCTS, INC, and KAWASAKI MOTORS CORP. U.S.A., for the following:

1. An award of actual, consequential and incidental damages in such amounts as are sufficient to compensate in full the Plaintiff for the losses and damages actually incurred as a result of the defective Mower and the Defendants' wrongdoing;

2. An award of punitive damages in an amount adequate to punish the Defendants and serve as an example to deter similar conduct by the Defendants or others in the future;

3. An award of the Plaintiff's costs and expenses incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and all other costs

herein;

4. An award of pre-judgment and post-judgment interest as the Court deems appropriate; and

5. Granting such other and further relief as the Court deems just and proper, including restitution, disgorgement, imposition of a constructive trust and/or such extraordinary equitable or injunctive relief as permitted by law, equity or statutory provisions as the Court deems proper to prevent unjust enrichment of the Defendants and to provide the Plaintiff with an effective remedy for the damages caused and injuries suffered as a result of the Defendants' wrongdoing as aforesaid.

JURY TRIAL DEMANDED

This the 5th day of April, 2013.

EVERARDO GARFIAS

_____
Jason L. Nabors, Esq. (MSB #101630)
Attorney for Plaintiff

Jason L. Nabors, Esq. (MSB #101630)
SMITH, PHILLIPS, MITCHELL, SCOTT & NOWAK, LLP
P. O. Drawer 1586
Batesville, MS 38606
Tel: (662) 563-4613
Fax: (662) 563-1546